NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENILSON PEREIRA FONTES; JESSICA ANTONIA DA SILVA; MARCELLA ANTONIA DA SILVA-MENDES,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4124

Agency Nos.
A220-236-629
A220-236-631
A220-236-673

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Denilson Pereira Fontes, his wife Jessica Antonia Da Silva Mendes, and their

minor daughter—natives and citizens of Brazil—petition for review of the Board of

Immigration Appeals' (BIA) order dismissing their appeal of an immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioners argue that their due process rights were violated because the transcript of proceedings before the IJ contains "indiscernible" and "untranslated" entries that render the record defective and "not complete." We review due process challenges de novo, including allegations of incompetent translation. *Hartooni v. I.N.S.*, 21 F.3d 336, 339–40 (9th Cir. 1994). Where "the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's" in our review. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

The BIA correctly determined that any prior issues with translation did not prevent a complete record from being formed. Each of the three untranslated parts of Pereira Fontes' testimony raised by Petitioners—regarding how long he attended school in Brazil, whether his step-daughter received treatment in Brazil for asthma, and when he learned about the sexual abuse of his wife's cousin's daughter—was clarified by additional, properly-translated testimony in the same hearing, curing any potential defect. And even if that clarification was insufficient, Petitioners have not established prejudice, or how "a better translation would have made a difference in the outcome" of their later appeals. *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 780 (9th

Cir. 2000). Petitioners' bare assertion of prejudice is insufficient considering that the BIA did not rely on any of the allegedly untranslated testimony in dismissing Petitioners' appeal of the IJ's decision, and nor do we.

Petitioners also waived any challenge to the merits of their applications. In their opening brief, Petitioners argue only that "[t]he agency should send [their] case back to the immigration judge" because "[t]he record is not complete." We need not consider issues which are not raised in a party's opening brief, and even a "bare assertion," without more, "does not preserve a claim." *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111 n.1 (9th Cir. 2000) (en banc) (citation omitted).

But even considering "the Brief [they] submitted to the BIA," as Petitioners urge us to do, their arguments for asylum, withholding of removal, and CAT relief are unavailing. First, Petitioners have not established past "persecution or a well-founded fear of persecution" on an individualized basis. *See* 8 U.S.C. § 1101(a)(42). Similarly, Petitioners have not shown any particularized likelihood of torture in Brazil. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022). We therefore deny the petition for review.[1]

**PETITION DENIED.**

---

[1] Petitioners' motion for miscellaneous relief, **Dkt. 19,** is therefore also **DENIED.**